UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| **M. SALCIDO for C. JEANG** | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| n/a | n/a |

**Proceedings:** (IN CHAMBERS) DEFENDANTS' MOTION TO DISMISS (Docket #26, filed July 29, 2013)

## I.   INTRODUCTION

Plaintiff Nancy Turner filed this action in this Court on June 17, 2013, against the County of Los Angeles and several employees of the Los Angeles County Sheriff's Department, including Los Angeles County Sheriff Leroy David Baca.[1]  The complaint alleges ten claims, including tort claims as well as claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

Defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Civil Procedure Rule 12(b)(6) on July 29, 2013, and plaintiff filed an opposition on August 19, 2013.  Defendants filed a reply on August 26, 2013.  The Court held a hearing on September 9, 2013.  After considering the parties' arguments, the Court finds and concludes that plaintiff has stated a claim against defendant Marchello for false imprisonment, assault, battery, invasion of privacy, and intentional infliction of emotional distress.  The Court also finds that plaintiff has stated a claim for conspiracy under 42 U.S.C. § 1985 against defendants Keffer, Crise, Kennedy, and Marchello.  Finally, the Court finds that plaintiff has stated a claim for false imprisonment, assault, and battery against defendants Keffer, Crise, and Kennedy, based on their vicarious liability as co-conspirators with defendant Marchello.

## II.   BACKGROUND

---

[1] Plaintiff initially named the Los Angeles County Sheriff's Department ("LASD") as a defendant.  By stipulation of the parties, the Court dismissed the action with prejudice as against the LASD by order dated July 25, 2013.  Dkt. #25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

    Plaintiff is a resident of Los Angeles County. Compl. ¶ 3. Defendant Los Angeles County is a government entity. Id. ¶ 4. Individual defendants Robert S. Keffer, Timothy W. Crise, Shaun E. Kennedy, Kelly C. Marchello, Jason C. Bates, Sergio A. Mancilla, Matt Dendo, Richard L. Conley, and Mario Jimenez are deputies of the Los Angeles County Sheriff's Department. Id. ¶¶ 7-15.

    Plaintiff alleges that defendants Keffer, Crise, Kennedy, and Marchello responded to a report of a domestic violence disturbance at plaintiff's apartment complex on April 2, 2012. Id. ¶ 23. Defendants Keffer and Crise arrived at plaintiff's apartment door and announced their presence. Id. Ex. 1, p. 3. Plaintiff informed Keffer and Crise that she was in the shower, and came to the door after approximately three minutes and allowed Keffer and Crise to enter. Id. Defendant Keffer contacted an individual named Frank Edmonds, who was seated on the couch in plaintiff's apartment. Id. at pp. 3-4. Keffer requested that Edmonds submit to a search for weapons, and Edmonds refused. Id. at p. 4. Keffer attempted to handcuff Edmonds in order to "de-escalate the situation." Id. at p. 5. Edmonds then tackled Keffer to the floor, and an altercation ensued. Id.

    During this altercation, plaintiff alleges that defendants Keffer, Crise, and Kennedy instructed defendant Marchello to remove plaintiff, who was wearing only a towel, from the apartment. Id. ¶ 32. Defendant Marchello pushed plaintiff outside of the apartment onto the apartment complex's public balcony, and during this time, plaintiff's towel fell off. Id. ¶ 34. Plaintiff alleges that defendants Keffer, Crise, Kennedy, and Marchello did not allow her to obtain an item of clothing with which to cover herself. Id. ¶ 35. Plaintiff alleges that she was "paraded, handcuffed and naked, in front of neighbors and strangers," and confined to the back seat of a patrol car. Id. Plaintiff alleges that no charges have ever been filed against her in relation to this incident. Id. ¶ 37.

    Based on this incident, plaintiff alleges claims for assault, battery, invasion of privacy, kidnapping, false imprisonment, infliction of emotional distress,[2] negligent hiring, negligent training, negligent supervision, and conspiracy. Id. ¶¶ 38-84.

---

[2] Plaintiff does not indicate whether she is alleging intentional infliction of emotional distress or negligent infliction of emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   Plaintiff's False Imprisonment Claim

Plaintiff alleges that defendants Keffer, Crise, Kennedy, and Marchello "violated her liberty without due process of law." Compl. ¶ 60. The subject heading for this claim is "false imprisonment 42 U.S.C. 1983." Id. at 10:10-12. Defendants argue that this claim fails because the Fourth Amendment permits investigative detentions based on reasonable suspicion, and that plaintiff fails to allege which defendant(s) detained her in the patrol car. Def. Mot. Dismiss 11-12.

Plaintiff's claim appears to challenge the reasonableness of her detention, during which she was removed from her apartment and placed in a patrol car, but not subsequently charged with a crime. Compl. ¶¶ 37, 59-62. Accordingly, this claim is properly analyzed under Fourth Amendment standards, rather than the Due Process Clause of the Fourteenth Amendment. Larson v. Neimi, 9 F.3d 1397, 1401 (9th Cir. 1993) ("Fourth Amendment standards must be used when a person asserts that a public official has illegally seized him."). The Fourth Amendment expressly addresses the type of conduct at issue in this case, making it unnecessary to resort to the Due Process Clause. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998); see also Albright v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

Oliver, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment . . . must be the guide for analyzing such a claim.").

The Court finds that plaintiff has stated a claim for false imprisonment against defendant Marchello. Plaintiff alleges that she "was paraded . . . in front of neighbors . . . and taken to a patrol car where she was confined in the back seat." Compl. ¶ 35. Plaintiff's counsel clarified at the hearing that plaintiff is alleging that defendant Marchello was responsible for removing her from the apartment and placing her in the patrol car.[3]

### B.   Plaintiff's Assault and Battery Claims

A person commits a battery if he or she intentionally does an act that results in a harmful or offensive contact with another person.[4] Barouh v. Haberman, 26 Cal. App. 4th 40, 45 (1994); Cal. Civil Jury Instructions BAJI 7.50; 5 Witkin, Summ. Cal. Law § 383 (10th ed. 2005). In an action for battery against a police officer, a plaintiff must also prove the use of unreasonable force. Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272 (1998). A person commits an assault if he or she creates the apprehension in another person of an imminent battery. 5 Witkin, Summ. Cal. Law § 383.

Plaintiff alleges that the actions of defendants Keffer, Crise, Kennedy, and Marchello during their response to the alleged domestic violence call constituted assault

---

[3]The parties agreed at the hearing that this clarification by plaintiff corrected the deficiency in plaintiff's allegation of a Fourth Amendment false imprisonment claim against defendant Marchello, and that there is no need for plaintiff to amend her complaint to reflect defendant Marchello's personal involvement in the alleged detention. Because the Court concludes, based on the statements of the parties at the hearing, that plaintiff has stated a claim for false imprisonment under the Fourth Amendment, the Court proceeds to the remainder of defendants' motion to dismiss.

[4]The Court has assumed for purposes of this motion that plaintiff's claims for assault and battery are grounded in California law, and not federal law. The complaint does not indicate which body of law is intended as the source for these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

and battery. Compl. ¶¶ 38-48. Defendants argue that plaintiff has only alleged physical contact between herself and defendant Marchello, and that her allegations indicate that defendants Keffer, Crise, and Kennedy were interacting with Frank Edmonds during the time that plaintiff was allegedly detained by defendant Marchello. Def. Mot. Dismiss 9-10. In addition, defendants argue that plaintiff has not alleged an unreasonable use of force by any of these four defendants. Id. at 10.

The Court finds that plaintiff has stated claims for assault and battery against defendant Marchello. Defendant Marchello is the only defendant alleged to have been in a position to make physical contact with plaintiff, or place her in apprehension of an immediate battery. See Compl. ¶¶ 23-37. While plaintiff does not explicitly allege that Marchello used unreasonable force against her, see Edson, 63 Cal. App. 4th at 1272, her factual allegations surrounding her removal from the apartment and her ensuing public nudity are sufficient to "be plausibly suggestive of a claim entitling the plaintiff to relief" for assault and battery against defendant Marchello. Moss, 572 F.3d at 969. Plaintiff does not allege harmful or offensive physical contact, or being in apprehension thereof, from any of the other defendants.

### C. Plaintiff's Invasion of Privacy Claim

Plaintiff's complaint alleges simply that defendants' conduct "violated [her] most basic right of personal privacy." Compl. ¶ 50. Based on counsel's statements at oral argument, the thrust of plaintiff's claim appears to be that defendant Marchello's removal of plaintiff from the apartment and placing her in a patrol car while unclothed and in view of bystanders constitutes an invasion of a right to privacy grounded either in state or federal law. Defendants argue that this claim should be dismissed because plaintiff does not specify whether the claim is grounded in state or federal law, and only alleges facts that implicate defendant Marchello. Mot. Dismiss 10.

Based on a close examination of the factual background section of the complaint, the Court is persuaded plaintiff has stated a claim for the common law tort of intrusion into private affairs against defendant Marchello. "The common law right of privacy is generally analyzed under four categories of wrongs or types of invasion." 5 Witkin, Summ. Cal. Law § 651. These four categories are: (1) intrusion into private affairs; (2) public disclosure of private facts; (3) placing a person in a false light, and (4) appropriation of a person's name or likeness. Id. The right of privacy includes "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

right to live one's life in seclusion, without being subjected to unwarranted and undesired publicity." Gill v. Curtis Publ'g Co., 38 Cal.2d 273, 276 (1952). Public displays of intimate or secluded aspects of a person's life can give rise to a claim for intrusion into private affairs. See,e.g., Miller v. Nat'l Broad. Co., 187 Cal. App. 3d 1463, 1485 (1986). In Miller, for example, a film crew working for the defendant entered the plaintiff's home along with a team of paramedics, as they responded to an emergency call. Id. at 1474-75. The film crew was accompanying the paramedics for the purpose of filming a documentary. Id. While in the plaintiff's home, the crew filmed the paramedics' attempted resuscitation of the plaintiff's husband, who had suffered a heart attack. Id. at 1475. The plaintiff then saw the film footage on television, several weeks after her husband's death, and received telephone calls from friends who saw the same footage. Id. The California Court of Appeal reversed the trial court's grant of summary judgment in favor of the defendant, finding that these facts were a sufficient basis for a claim of intrusion into private affairs. Id. at 1484.

Here, plaintiff alleges that defendant Marchello removed her from the apartment and brought her to a public balcony while plaintiff was wearing only a towel. Compl. ¶ 34. Plaintiff also alleges that her towel fell off while being brought to the balcony, and that defendant Marchello caused plaintiff to walk unclothed to a patrol car in full view of the public, without permitting her to obtain an item of clothing with which to cover herself. Id. ¶¶ 35-37. These facts support the inference that defendant Marchello violated plaintiff's "right to live [her] life in seclusion, without being subject to unwarranted and undesired publicity" by forcing plaintiff to reveal her nude body to public view. See Gill, 38 Cal.2d at 276.

The Court also finds that plaintiff has stated a claim for invasion of privacy, grounded in the Fourteenth Amendment, against defendant Marchello. The Due Process Clause of the Fourteenth Amendment protects against arbitrary intrusion upon an individual's privacy interest in his or her naked body. See York v. Story, 324 F.2d 450, 455 (9th Cir. 1963); Sepulveda v. Ramirez, 967 F.2d 1413, 1416 (9th Cir. 1992); Davis v. Bucher, 853 F.2d 718, 719 (9th Cir. 1988) ("It is familiar doctrine that one component of the right of privacy resident in the Fourteenth Amendment is the individual interest in avoiding disclosure of personal matters.").

In Sepulveda, for example, a female parolee brought an action under 42 U.S.C. § 1983 for a violation of her "constitutional right to bodily privacy" against two parole

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

officers. 967 F.2d at 1414. The plaintiff had agreed to submit to drug testing as a condition of her parole. Id. at 1415. While the plaintiff was providing a urine sample in a restroom stall, one of the defendant parole officers, a male, entered the stall and refused to leave. Id. The defendants moved for summary judgment based on qualified immunity. Id. at 1414. The district court denied the motion, and the Court of Appeals affirmed, stating that "Ninth Circuit law clearly established [the plaintiff's] right to bodily privacy." Id. at 1415.

Here, defendant Marchello's alleged actions similarly infringed plaintiff's right to bodily privacy by causing her to be naked in public view while walking to the patrol car. The Court therefore finds that the same allegations that form the basis for a claim for intrusion into private affairs also support a claim for a Fourteenth Amendment invasion of privacy claim.

### D. Plaintiff's Kidnapping Claim

Plaintiff has not stated a claim for kidnapping. Kidnapping is proscribed by a criminal statute, Cal. Penal Code § 207, and the Court is unable to discern an express or implied private right of action under that statute. See Clinkscales v. Carver, 22 Cal.2d 72, 75 (1943) ("If there is no provision for a remedy by civil action to persons injured by a breach of [a criminal] statute, it is generally because the legislature did not contemplate one.")

### E. Plaintiff's Claim for Infliction of Emotional Distress[5]

Plaintiff alleges that defendants Keffer, Crise, Kennedy, and Marchello caused her to suffer "extreme mental distress" as a result of the events that occurred at her apartment on April 2, 2012. Compl. ¶¶ 63-65. As noted above, at the hearing held on September 9, 2013, plaintiff's counsel clarified that plaintiff is alleging that defendant Marchello was responsible for removing plaintiff from the apartment and placing her in the patrol car. Defendants argue that plaintiff has not alleged "outrageous conduct which would shock

---

[5]Plaintiff does not specify whether she is alleging claims for intentional infliction of emotional distress, negligent infliction of emotional distress, or both. For the purpose of this motion, the Court assumes that plaintiff is alleging both claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

the conscience of society." Def. Mot. Dismiss 13. Rather, he has alleged a "brief detention during a volatile incident which . . . result[ed] in the arrest of her husband." Id.

The Court finds that plaintiff has stated a claim for intentional infliction of emotional distress against defendant Marchello. The tort of intentional infliction of emotional distress consists of intentional, extreme, and outrageous conduct by a defendant that causes a plaintiff to suffer severe or extreme emotional distress. E.g., Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). Plaintiff's allegations that defendant Marchello removed her from the apartment complex unclothed and placed her in a patrol car in full public view are "plausibly suggestive" of a claim for relief based on this tort. See Moss, 572 F.3d at 969

Plaintiff has not stated a claim for negligent infliction of emotional distress. This tort consists of the traditional elements of the tort of negligence: duty, breach, causation, and damages. Macy's Cal., Inc. v. Sup. Ct., 41 Cal. App. 4th 744, 749 (1995). Plaintiff has not pled or alluded to these elements in her complaint.

    F.    **Plaintiff's Claims for Negligent Hiring, Negligent Training, and Negligent Supervision[6]**

Plaintiff alleges a claim for negligent hiring against defendants Baca and the County of Los Angeles. Compl. ¶¶ 66-70. Plaintiff also alleges a claim for negligent training against defendants Baca, Bates, Conley, and Jimenez. Id. ¶¶ 71-75. Finally, plaintiff alleges a claim for negligent supervision against defendants Baca, Bates, Mancilla, Dendo, Conley, and Jimenez. Id. ¶¶ 76-80. These three claims arise from the hiring, training, and supervision of defendants Keffer, Crise, Kennedy, and Marchello. Defendants argue that plaintiff has not alleged compliance with the California Tort Claims Act, Cal. Gov. Code § 945.4, and has not pled the elements of these negligence claims with the requisite particularity.

---

[6]The heading for this claim in the complaint cites California Government Code section 815.2(a). Therefore, the Court assumes that plaintiff is alleging a state law claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

Liability for negligently hiring, supervising, or training an unfit employee may be appropriate if an employer has reason to know that an employee is likely, because of his or her traits, to harm others in performance of her duties, and that employee does in fact cause harm to a third person. E.g., Evan F. v. Hughson United Methodist Church, 8 Cal. App. 4th 828, 836 (1992).

Here, plaintiff has not stated a claim for these torts because plaintiff has not alleged any facts suggesting that defendants Baca, Bates, Conley, Mancilla, Jimenez, or Dendo had reason to know of a specific trait of defendants Keffer, Crise, Kennedy, or Marchello that would make her likely to harm someone during the performance of her duties. See id.

Second, regarding plaintiff's claims directly against the County of Los Angeles, plaintiff has not established compliance with California Government Code Section 945.4. That section requires the exhaustion of administrative remedies. Defendants note that plaintiff has filed a claim under this section of the Government Code, but argue that it is too vague because it states merely that plaintiff's "civil rights have been violated." Def. Mot. Dismiss 14; Ex. A. The Court finds this argument persuasive, because a claim under this code section must include a "general description of the injuries and the names of the public employees who caused them." Fall River Joint Unified School Dist. v. Sup. Ct., 206 Cal. App. 3d 431, 434 (1988). If the claim does not comply with this requirement, it is subject to dismissal. Id. (citation omitted).

### G.  Plaintiff's Conspiracy Claim Under 42 U.S.C. § 1983

Plaintiff alleges that all defendants "entered into a conspiracy and agreement with each other" to deprive plaintiff of her constitutional rights.[7]  Compl. ¶¶ 18-19.

---

[7]The heading for this claim in plaintiff's complaint reads "Conspiracy [42 U.S.C. 1385]." The Court assumes that plaintiff intends to refer to 42 U.S.C. § 1985. This claim is more properly framed as arising under 42 U.S.C. § 1983. A claim for conspiracy under 42 U.S.C. § 1985 requires a "racial, or . . . otherwise class-based . . . discriminatory animus." Griffin v. Breceknridge, 403 U.S. 88, 102 (1971). Plaintiff alleges no such animus in her complaint. Accordingly, the Court assumes that plaintiff intends to proceed with her conspiracy claim under 42 U.S.C. § 1983.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

Specifically, plaintiff alleges that defendants Keffer, Crise, and Kennedy instructed defendant Marchello to remove plaintiff from the apartment. Id. ¶ 32. Plaintiff's counsel argued at the hearing held on September 9, 2013, that this fact gives rise to the inference of a conspiracy to deprive plaintiff of her constitutional rights. Defendants respond that plaintiff's allegations are insufficient because they are vague and conclusory. Mot. Dismiss 16.

To state a claim under 42 U.S.C. § 1983, plaintiff "must allege facts to support the allegation that defendants conspired together." Id. The complaint must contain specific facts supporting the existence of the alleged conspiracy. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir.2004); see also Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir.1990) ("A mere allegation of conspiracy without factual specificity is insufficient to support a claim."). The Ninth Circuit has held that "each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir.1989) (citation omitted)).

The Court concludes that plaintiff has stated a claim against defendants Keffer, Crise, Kennedy and Marchello for conspiracy to commit false imprisonment, assault, and battery, in violation of 42 U.S.C. § 1983. It is sufficient that plaintiff alleges the existence of an agreement, Compl. ¶¶ 18-19, along with defendants' arrival at plaintiff's apartment, and defendants Keffer, Crise, and Kennedy instructing defendant Marchello to remove plaintiff from the apartment, id. ¶ 32. These allegations of concerted action form a basis for a plausible inference of an "express or implied agreement" among these four defendants to seize plaintiff and detain her in a patrol car. See Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010). It is this seizure and subsequent detention that forms the basis for plaintiff's false imprisonment, assault, and battery claims.

Based on the Court's finding that plaintiff has stated a claim for conspiracy against defendants Keffer, Crise, Kennedy and Marchello, the Court also finds that plaintiff has stated a claim against Keffer, Crise, and Kennedy for false imprisonment, assault, and battery, based on their vicarious liability as co-conspirators with defendant Marchello. Cf. 42 U.S.C. § 1985 (stating that a plaintiff "may have an action for recovery of damages . . . against any one or more of the conspirators" for any action done in furtherance of the object of the conspiracy).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

Defendants Keffer, Crise, and Kennedy are not liable as co-conspirators for intentional infliction of emotional distress or invasion of privacy, because plaintiff has not alleged any facts suggesting that those torts were the object of a conspiracy, or that they were committed in furtherance of the alleged conspiracy.

Neither has plaintiff stated a claim for conspiracy under 42 U.S.C. § 1983 against defendants Baca, Bates, Mancilla, Dendo, Conley, or Jimenez. Plaintiff alleges in conclusory fashion that all defendants "entered into a conspiracy and agreement with each other," Compl. ¶ 18, but this "mere allegation of conspiracy without factual specificity" is insufficient to state a claim. See Sanchez , 936 F.2d at 1039. Plaintiff has not alleged any facts supporting an inference of a conspiracy among these defendants.

Moreover, plaintiff has not stated a claim for conspiracy against the County of Los Angeles. In order to allege a claim against the County of Los Angeles, plaintiff would have to allege that she has suffered injury as a result of an official policy or custom, see, e.g., Monell v. Dep't of Soc, Servs., 436 U.S. 658 (1978), and plaintiff does not do so.

Accordingly, plaintiff has stated a claim for conspiracy under 42 U.S.C. § 1983 against defendants Keffer, Crise, Kennedy, and Marchello, but not against any other defendants.

V.     CONCLUSION

Based on the foregoing, defendants' motion to dismiss is DENIED IN PART and GRANTED IN PART. The Court DENIES defendants' motion with regard to the following claims:

- Assault (Claim 1), battery (Claim 2), false imprisonment (Claim 5), and conspiracy (Claim 10) against defendants Keffer, Crise, Kennedy, and Marchello

- Invasion of privacy (Claim 3) and intentional infliction of emotional distress (Claim 6) against defendant Marchello

The Court GRANTS defendants' motion to dismiss without prejudice with regard to the following claims and/or defendants:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

- Invasion of privacy (Claim 3) and intentional infliction of emotional distress (Claim 6) with regard to defendants Keffer, Crise and Kennedy[8]

- Kidnapping (Claim 4), negligent hiring (Claim 7), negligent training (Claim 8), and negligent supervision (Claim 9) as to all defendants

- Conspiracy (Claim 10) with regard to defendants Baca, Bates, Mancilla, Dendo, Conley, Jimenez, and the County of Los Angeles

Plaintiff shall have until **October 9, 2013** to file an amended complaint that corrects the deficiencies in the dismissed claims identified herein. Failure to do so may result in the dismissal of those claims with prejudice.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | MS |

---

[8] Plaintiff does not allege claims for invasion of privacy or infliction of emotional distress against defendants Baca, Bates, Mancilla, Dendo, Conley, Jimenez, or the County of Los Angeles.