UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | December 2, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants | |
| Stephen Shikes | Laura Inlow | |

**Proceedings:**   DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT (Docket #35, filed October 25, 2013)

## I. INTRODUCTION

Plaintiff Nancy Turner filed this action in this Court on June 17, 2013, against the County of Los Angeles, Los Angeles County Sheriff Leroy David Baca, Robert Keffer, Timothy Crise, Shaun Kennedy, Kelly Marchello, Jason Bates, Sergio Mancilla, Matt Dendo, Richard Conley, and Mario Jimenez.[1]  The complaint alleged ten claims, including tort claims as well as claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  By order dated September 16, 2013, the Court granted in part and denied in part defendants' motion to dismiss.  Dkt. #31.  Specifically, the Court denied defendants' motion with regard to plaintiff's claims for assault, battery, false imprisonment, and conspiracy against defendants Keffer, Crise, Kennedy, and Marchello.  Dkt. #31 at 12-13.  The Court also denied defendants' motion with regard to plaintiff's claims for invasion of privacy and intentional infliction of emotional distress against defendant Marchello.  Id.  The Court otherwise granted defendants' motion.  Id.

Plaintiff filed a first amended complaint ("FAC") on October 8, 2013.  Dkt. #34. Defendants filed a motion to dismiss the FAC on October 25, 2013.  Dkt. #35.  Plaintiff filed an opposition on November 15, 2013, dkt. #36, and defendants replied on

---

[1] Plaintiff initially named the Los Angeles County Sheriff's Department ("LASD") as a defendant.  By stipulation of the parties, the Court dismissed the action with prejudice as against the LASD by order dated July 25, 2013.  Dkt. #25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | December 2, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

November 18, 2013, dkt. #37.² The Court held a hearing on December 2, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiff alleges that she is a resident of Los Angeles County. FAC ¶ 4. Plaintiff alleges that defendant Los Angeles County is a government entity. Id. ¶ 5. Plaintiff alleges that individual defendants Keffer, Crise, Kennedy, Marchello, Bates, Mancilla, Dendo, Conley, and Jimenez are Los Angeles County Sheriff's deputies. Id. ¶¶ 8-16, 32.

Plaintiff alleges the following. Defendants Keffer, Crise, Kennedy, and Marchello responded to a report of a domestic violence disturbance at plaintiff's apartment complex on April 2, 2012. Id. ¶ 23. Defendants Keffer and Crise arrived at plaintiff's apartment door and asked to enter the apartment. Id. ¶ 25.³ Plaintiff alleges that she had just gotten out of the shower and was wearing only a towel, and that she allowed Keffer and Crise to enter the apartment. Id. ¶¶ 25-26. According to plaintiff, Keffer testified that he did not observe any violations of the law when he entered the apartment. Id. ¶ 27. Plaintiff further alleges that Keffer contacted an individual named Frank Edmonds, who was seated on the couch in plaintiff's apartment. Id. ¶¶ 28-29. Plaintiff alleges that Keffer asked Edmonds to step outside to talk. Id. ¶ 29. According to plaintiff, Edmonds refused to step outside, and Keffer responded by approaching Edmonds and grabbing his wrist to handcuff him. Id. ¶ 30. Plaintiff alleges that she did not interfere with Keffer, Crise, Kennedy, or Marchello in the performance of their duties.

---

² Defendants note that plaintiff's opposition was filed several days late, thereby limiting the time for defendants to prepare a reply. Reply Mot. Dismiss 3. As a sanction, defendants request that the Court disregard plaintiff's opposition and grant their motion. Id. The Court declines to do so. If defendants required additional time to prepare a reply, they could have sought a stipulation from plaintiff's counsel to modify the briefing schedule, or fileD an ex parte application seeking an extension of time to file a reply.

³ The allegations contained in paragraphs 25-30 of the FAC are based on portions of a preliminary hearing transcript, attached to the FAC as Exhibit B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | December 2, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

Plaintiff further alleges that defendants Keffer, Crise, and Kennedy instructed defendant Marchello to remove plaintiff from the apartment, and that Keffer, Crise, Kennedy, and Marchello frightened plaintiff by using violent and threatening language towards her. Id. ¶¶ 32-33. Plaintiff alleges that Marchello pushed plaintiff outside of the apartment onto the apartment complex's public balcony even though plaintiff's towel had fallen off. Id. ¶ 34. Plaintiff next alleges that defendants Keffer, Crise, Kennedy, and Marchello did not allow her to obtain an item of clothing with which to cover herself, and that she was "paraded, handcuffed and naked, in front of neighbors and strangers," and confined to the back seat of a patrol car. Id. ¶ 35. Plaintiff alleges that no charges have ever been filed against her in relation to this incident, and that no police records exist that describe or explain the conduct of Keffer, Crise, Kennedy, and Marchello towards her. Id. ¶ 37.

Based on this incident, plaintiff asserts the following claims against Keffer, Crise, Kennedy, and Marchello: assault, battery, invasion of privacy, false imprisonment, and infliction of emotional distress. Id. ¶¶ 38-61. Plaintiff also asserts a claim for "inadequate supervision and/or training" against Los Angeles County, Baca, Bates, Mancilla, Dendo, Conley, and Jimenez. Id. ¶¶ 62-67. Finally, plaintiff asserts a claim for conspiracy against all defendants. Id. ¶¶ 68-73.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | December 2, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | December 2, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

**IV. DISCUSSION**

    **A. Plaintiff's Claims for Assault, Battery, and False Imprisonment**

The FAC asserts claims for assault, battery, and false imprisonment against Keffer, Crise, Kennedy, and Marchello. FAC ¶¶ 38-48; 55-58. In its order granting in part and denying in part defendants' prior motion to dismiss, the Court found that plaintiff had stated a claim for these torts against these four defendants. Dkt. #31 at 1, 12-13. Defendants have once again moved to dismiss these claims in their motion to dismiss the FAC. Mot. Dismiss 10-15. Defendants are not entitled to move to dismiss these claims for a second time. See Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988) (noting that "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case"). Defendants' motion is therefore denied with respect to plaintiff's claims for assault, battery, and false imprisonment.

    **B. Plaintiff's Claim for Infliction of Emotional Distress**

The FAC asserts a claim for infliction of emotional distress against Keffer, Crise, Kennedy, and Marchello. FAC ¶¶ 59-61. Defendants move to dismiss this claim against Keffer, Crise, and Kennedy. Mot. Dismiss 15-16; Reply Mot. Dismiss 6-7. As a threshold matter, the FAC does not indicate whether plaintiff is asserting a claim for intentional infliction of emotional distress, negligent infliction of emotional distress, or both. To the extent that plaintiff is asserting a claim for negligent infliction of emotional distress, the claim fails because plaintiff does not allege the elements of duty, breach, causation, and damages. See Macy's Cal., Inc. v. Sup. Ct., 41 Cal. App. 4th 744, 749 (1995).

The Court previously found that plaintiff has stated a claim for intentional infliction of emotional distress against Marchello. Dkt. #31 at 8-9. Defendants now argue that this claim fails against Keffer, Crise, and Kennedy because plaintiff has failed to allege facts demonstrating outrageous conduct on the part of these three defendants. Mot. Dismiss 15-16. This argument is unavailing. A claim for intentional infliction of emotional distress consists of intentional, extreme, and outrageous conduct by a defendant that causes a plaintiff to suffer severe or extreme emotional distress. E.g., Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). The FAC alleges that Marchello

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | December 2, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

seized plaintiff and removed her from the apartment, and forced her onto a public balcony in her apartment complex. FAC ¶ 34. Additionally, plaintiff's counsel clarified at the September 9, 2013 hearing on defendants' motion to dismiss the initial complaint that plaintiff is alleging that Marchello was responsible for removing plaintiff from the apartment complex and placing her in a patrol car. Moreover, plaintiff alleges that Keffer, Crise, Kennedy, and Marchello "frightened [plaintiff] with violent and threatening language and conduct towards her." FAC ¶ 33.

Taking all of the allegations in the FAC as true, as the Court is required to do on a motion to dismiss for failure to state a claim, the alleged conduct by these four deputies in connection with this incident supports a claim for intentional infliction of emotional distress. See 5 Witkin, Summ. Cal. Law Torts § 451 (10th ed. 2005); see also Huntingdon Life Sciences v. Stop Huntingdon Animal Cruelty, 129 Cal. App. 4th 1228, 1259 (2005). Accordingly, the Court finds that plaintiff has stated a claim for intentional infliction of emotional distress against Keffer, Crise, Kennedy, and Marchello.

### C. Plaintiff's Claim for Invasion of Privacy

The FAC asserts a claim for invasion of privacy against Keffer, Crise, Kennedy, and Marchello.[4] FAC ¶¶ 49-54. This Court previously concluded that plaintiff stated a claim for this tort against Marchello, but not against Keffer, Crise, and Kennedy. Dkt. #31 at 6-8. Defendants now move to dismiss this claim against Keffer, Crise, and Kennedy. Mot. Dismiss 12-13; Reply Mot. Dismiss 4-5. In this regard, defendants argue that this claim should be dismissed because the FAC lacks factual allegations indicating that these defendants engaged in conduct resulting in an invasion of plaintiff's privacy. Mot. Dismiss 12-13. The Court agrees. Plaintiff's counsel clarified at the September 9, 2013 hearing on defendants' initial motion to dismiss that the gravamen of plaintiff's invasion of privacy claim is the allegation that Marchello placed plaintiff in a patrol car while plaintiff was unclothed and in full public view. The FAC lacks factual allegations to support the inference that Keffer, Crise, and Kennedy were involved in this alleged

---

[4] Neither the original complaint nor the FAC indicates whether plaintiff's claim is grounded in state law, federal law, or both. The Court therefore assumes that plaintiff is asserting claims under both bodies of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | December 2, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

invasion of privacy. The Court therefore finds that plaintiff fails to state a claim for invasion of privacy against Keffer, Crise, or Kennedy. See Moss, 572 F.3d at 969.

### D.     Plaintiff's Claim for Inadequate Supervision and/or Training

The FAC asserts a claim for "inadequate supervision and/or training" against Baca, Bates, Conley, Mancilla, Jimenez, and Los Angeles County. FAC ¶¶ 62-67. Based on plaintiff's opposition and the FAC's reference to "customs or policies" of the Los Angeles County Sheriff's Department, the Court infers that plaintiff is asserting a claim under 42 U.S.C. § 1983 for injury suffered as a result of an unconstitutional official policy or custom based on the doctrine set forth in Monell v. Department of Social Services., 436 U.S. 658 (1978). See FAC ¶¶ 62-67; Opp. Mot. Dismiss 14-15. In this regard, plaintiff appears to be asserting a Monell claim based on inadequate training and supervision by supervisory officials within the Los Angeles County Sheriff's Department.

Defendants argue that this claim fails because it is unsupported by factual allegations. Mot. Dismiss 16-19. The Court agrees.[5] To state a claim under 42 U.S.C. § 1983 against a public entity or supervisors not personally involved in a constitutional violation, a plaintiff must allege a constitutional injury resulting from a "policy, practice, or custom of the local entity." Avalos v. Baca, 517 F. Supp. 2d 1156, 1162 (C.D. Cal. 2007) (citing Monell, 436 U.S. at 694). As relevant here, this type of claim can be asserted on three different bases. First, a public entity and supervisory officials may be held liable when "implementation of . . . official policies or established customs inflicts the constitutional injury." Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting Monell, 436 U.S. at 708 (Powell, J., concurring)). Second, such liability may arise when a failure to act amounts to "deliberate indifference to a constitutional right." Id. (internal quotation marks omitted). Third, this type of liability may arise when "an official with final policy-making authority . . . ratifies a subordinate's unconstitutional decision or action and the basis for it." Id. (quoting Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

---

[5] Because the Court construes this claim as arising under 42 U.S.C. § 1983 based on a Monell theory, the Court need not address defendants' arguments that this claim is defective under state law. See Mot. Dismiss 16-19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | December 2, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

Regardless of the theory underlying plaintiff's claim, however, plaintiff must provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff has not done so here. In this regard, plaintiff fails to allege the substance of an official policy or custom. See FAC ¶ 64; Hernandez, 666 F.3d at 637 (holding that bare allegation that government officials' actions occurred pursuant to an official policy or custom is insufficient to state a Monell claim in the wake of the Ninth Circuit's decision in Starr, 652 F.3d at 1216). Moreover, plaintiff does not allege an omission by these defendants that rises to the level of "deliberate indifference to a constitutional right" because the FAC lacks factual allegations regarding defendants' failure to provide a "particular kind of training" that shows a "deliberate indifference to the possibility of a constitutional violation." See Dorger v. City of Napa, 2012 WL 3791447, at *4 (N.D. Cal. 2012) (citing City of Canton v. Harris, 489 U.S. 378, 390 (1989) (discussing the pleading requirements for a Monell claim based on a failure to train). Finally, the FAC lacks factual allegations indicating that an individual with final policymaking authority ratified an unconstitutional decision by Keffer, Crise, Kennedy, or Marchello. See Clouthier, 591 F.3d at 1249. Accordingly, the Court finds that plaintiff fails to state a claim for inadequate training or supervision.[6]

### E.  Plaintiff's Conspiracy Claim

The FAC asserts a claim for conspiracy against all defendants. FAC ¶¶ 68-73. While the FAC does not explicitly indicate whether this claim is grounded in state or federal law, the Court construes the claim as arising under 42 U.S.C. § 1983 based on the

---

[6] In her opposition, plaintiff requests leave to amend her complaint to add a "failure to intervene" claim in the event that this Court finds that she fails to state a claim for inadequate training or supervision. Opp. Mot. Dismiss 15-16. Insofar as plaintiff is requesting leave to file an amended complaint containing factual allegations indicating the "deliberate indifference" of the supervisory defendants to plaintiff's constitutional rights in support of plaintiff's Monell claim, see, e.g., Starr, 652 F.3d at 1207-08; Dorger, 2012 WL 3791447, at *4, plaintiff's request is granted. However, plaintiff will not be permitted to add additional claims to an amended complaint that are not present in this complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | December 2, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

reference to plaintiff's "[c]onstitutional right to be free from the intentional, willful, and unlawful misconduct by the government." Id. ¶ 69. Defendants argue that this claim should be dismissed as to Baca, Bates, Mancilla, Dendo, Conley, Jimenez, and Los Angeles County because it is unsupported by factual allegations. Mot. Dismiss 19-20; Reply Mot. Dismiss 8.

The Court agrees, and accordingly concludes that plaintiff's claim for conspiracy should be dismissed as to these defendants. To state a claim under 42 U.S.C. § 1983, plaintiff "must allege facts to support the allegation that defendants conspired together." Id. The complaint must contain specific facts supporting the existence of the alleged conspiracy. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir.2004); see also Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir.1990) ("A mere allegation of conspiracy without factual specificity is insufficient to support a claim."). The Ninth Circuit has held that "each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir.1989) (citation omitted)). The basis for plaintiff's assertion of a conspiracy claim against the remaining defendants (aside from Keffer, Crise, Kennedy, and Marchello) is that these defendants "conspired to keep the violation of [plaintiff's] constitutional rights from being made part of the official record." FAC ¶ 70. This claim fails because the FAC's allegation of the absence of official records regarding the events at plaintiff's apartment, without more, is not "plausibly suggestive" of an agreement among these defendants to violate plaintiff's constitutional rights. See Moss, 572 F.3d at 969; Olsen, 363 F.3d at 929.

### F. Plaintiff's Request for Punitive Damages

Plaintiff alleges a right to recover punitive damages with respect to her claims for battery, invasion of privacy, false imprisonment, infliction of emotional distress, and conspiracy. FAC ¶¶ 48, 54, 58, 61, 73. Defendants argue that plaintiff's requests for punitive damages are improper because they are unsupported by factual allegations indicating malice. Mot. Dismiss 20; Reply Mot. Dismiss 8-9. Plaintiff responds that the allegations in the FAC support an inference of malice. Opp. Mot. Dismiss 17. The Court agrees. Accordingly, to the extent that defendants are requesting that the Court strike plaintiff's requests for punitive damages, that request is denied. See Fed. R. Civ. P. 12(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4149 (CAS) (VBKx) | Date | December 2, 2013 |
|---|---|---|---|
| Title | NANCY TURNER V. COUNTY OF LOS ANGELES, ET AL. | | |

Whether plaintiff is entitled to recover punitive damages is more appropriately resolved on a motion for summary judgment or at trial.

### G.    Plaintiff's Request for Sanctions

Plaintiff requests that defense counsel be sanctioned pursuant to Federal Rule of Civil Procedure 11 for moving to dismiss claims for which this Court denied a previous motion to dismiss.  Opp. Mot. Dismiss 5.  Defendants respond that they interpreted the Court's prior order as denying their motion to dismiss as to plaintiff's claims for assault, battery, and false imprisonment only as to Marchello.  Reply Mot. Dismiss 3-5.  While defendants' response is contradicted by explicit statements in the Court's prior order, see Dkt. #31 at 1, 12, the Court nonetheless declines to award sanctions.  However, defense counsel is admonished to refrain from moving to dismiss claims when the Court has previously denied a motion to dismiss the same claims.

### V.    CONCLUSION

Based on the foregoing, defendants' motion to dismiss is DENIED IN PART and GRANTED IN PART.  The Court DENIES defendants' motion with regard to the following claims:

- Assault (Claim 1), battery (Claim 2), false imprisonment (Claim 4), intentional infliction of emotional distress (Claim 5), and conspiracy (Claim 7) against defendants Keffer, Crise, Kennedy, and Marchello

- Invasion of privacy (Claim 3) against defendant Marchello

Defendants' motion is otherwise GRANTED.

Plaintiff shall have until **January 6, 2014**, to file an amended complaint that corrects the deficiencies in the dismissed claims identified herein.  In the amended complaint, plaintiff is not permitted to add claims that are not present in this complaint.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |